```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LISA LIBERI, et al.,         :    CIVIL ACTION
                             :    NO. 09-1898
         Plaintiffs,         :
                             :
         v.                  :
                             :
ORLY TAITZ, et al.,          :
                             :
         Defendants.         :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              June 22, 2010

I.  BACKGROUND

On May 4, 2009, Plaintiffs Lisa Liberi ("Liberi"), Philip J. Berg, Esq. ("Berg"), the Law Offices of Philip J. Berg, Evelyn Adams a/k/a Momma E ("Adams"), Lisa Ostella ("Ostella"), and Go Excel Global (collectively, "Plaintiffs") initiated this defamation, libel and slander action against Defendants Orly Taitz ("Taitz"), Defend our Freedoms Foundations, Inc. ("DOFF"), Neil Sankey, The Sankey Firm and Sankey Investigations, Inc. (collectively, "Sankey"), Edgar Hale, Caren Hale, Plains Radio, KPRN AM 1610, Bar H. Farms, Plains Radio Network (collectively, "the Hales"), and Linda Sue Belcher (collectively, "Defendants").

On June 3, 2010, the Court severed the action and transferred the claims to each Defendant's home jurisdiction. Before the Court is Plaintiff Berg's motion for leave to file a motion for reconsideration (doc. no. 120), Defendant Taitz's response (doc. no. 121) and Defendant Sankey's response (fax

dated 6/11/10).  On June 18, 2010, Plaintiff Berg filed a motion for leave to file a motion to strike Defendant Taitz's response (doc. no. 122).

**II.   MOTION FOR RECONSIDERATION**

    A.   <u>Legal Standard</u>

    A motion for reconsideration is treated as the "functional equivalent" of a motion pursuant to Rule 59(e) which seeks to alter or amend a judgment.  <u>Fed. Kemper Ins. Co. v. Rauscher</u>, 807 F.2d 345, 348 (3d Cir. 1986) (internal citation omitted).  The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence."  <u>Harsco Co. V. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985).  Reconsideration is appropriate where the party seeking reconsideration establishes "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [issued its previous decision]; or (3) the need to correct a clear error of law or fact or prevent manifest injustice."  <u>Max's Seafood Cafe ex rel. Lou Ann v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999); <u>North River Ins. Co. v. CIGNA Reinsurance Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995); <u>U.S. v. Cabiness</u>, 278 F. Supp. 2d 478. 483-84 (E.D. Pa. 2003) (Robreno, J.).

    B.   <u>Proposed Grounds for Reconsideration</u>

On June 7, 2010, Plaintiff Berg faxed a motion for leave to file a motion for reconsideration.  <u>See</u> doc. no. 120 (docketed 6/13/10).  Defendant Taitz responded by fax on June 10, 2010 and Defendant Sankey responded by fax on June 11, 2010.  <u>See</u> Taitz 6/10/10 Ltr., doc. no. 121 (docketed 6/14/10); <u>see also</u> Sankey 6/11/10 Ltr.  Mr. Sankey's response was not filed of record.[1]

In his letter, Plaintiff Berg lists eight purported errors in the Court's 6/3/10 Order that severed the action and transferred the claims to each of Defendants' home jurisdictions. Upon review, Plaintiff Berg actually raises only three discrete issues.  Importantly, Plaintiff Berg's motion does not argue that the legal conclusions set forth in the Memorandum were incorrect.

The three outstanding administrative errors raised by Plaintiff Berg are grouped as follows.

    1.   <u>Points 6, 8 and 9</u>

Points 6, 8 and 9 are as follows:

---

[1]    Defendant Taitz's response does not substantively address Plaintiff Berg's motion for leave to file a motion for reconsideration, thus it is inapposite to the issues at bar.
    Defendant Sankey's letter disputes Plaintiff Liberi's assertions of Pennsylvania citizenship and argues that Plaintiff Liberi is a citizen of New Mexico.  <u>See</u> Sankey Ltr., dated June 11, 2010.  However, diversity jurisdiction would only be destroyed if Plaintiff Liberi was a citizen of either of the states of which Defendants are citizens: California or Texas. Thus, the issue is inapposite to Plaintiff Berg's motion for leave to file a motion for reconsideration and the legal conclusions reached in this case.

Point 6:   There is a discrepancy in the Court's Order of June 3, 2010, docketed on June 4, 2010 appearing as Docket Entry No. 118;

Point 8:   Amendment of this Court's June 3, 2010 Order, docketed June 4, 2010, appearing, as Docket Entry No. 118 is proper. This Court has the inherent Power to amend its Final Judgment; and

Point 9:   A proposed Order is attached to Plaintiffs' Motion.

See Berg Mot. Reconsideration 2, doc. no. 120.

These notations are not relevant to the legal disposition of this case.  Therefore, Points 6, 8 and 9 will be denied.

    2.   Points 1, 2, 3, 4 and 5

Points 1, 2, 3, 4 and 5 are as follows:

Point 1:   This Court concedes on page two (2), second (2nd) paragraph of the Court's Memorandum [Doc. No. 117] that the Sankey Defendants, which would be Neil Sankey, Sankey Investigations, Inc. and The Sankey Firm, Inc. a/k/a The Sankey Firm are citizens and residents of the State of California;

Point 2:   Defendants Neil Sankey and Sankey Investigations, Inc. are **not** within the jurisdiction of the U.S. District Court, Western District of Texas, but instead are located in the Central District of California;

Point 3:   Although in Default, the Court made **no** mention of transfer as to Defendant, The Sankey Firm, Inc. a/k/a The Sankey Firm. Is the Court planning on keeping this one Defendant and allowing Plaintiffs to enter Default against them?; If not then,

Point 4:   The Sankey Firm, Inc. a/k/a The Sankey Firm is a California Corporation, in the U.S. District

                    Court, Central District of California, Southern Division jurisdiction. Therefore, transfer of Plaintiffs' claims against this Defendant is only proper to the U.S. District Court, Central District of California, Southern Division; and

Point 5:    Defendants Neil Sankey, Sankey Investigations, Inc. and The Sankey Firm, Inc. a/k/a The Sankey Firm conducted the offenses giving rise to this suit from their office locations in California.

See id. at 1-2.

        The final Memorandum correctly identifies Defendants Neil Sankey, The Sankey Firm and Sankey Investigations, Inc. as citizens of California; however, the original Order, dated June 3, 2010, incorrectly transferred their case to Texas instead of California. The enclosed Amended Order corrects this error and transfers Neil Sankey, The Sankey Firm and Sankey Investigations, Inc. to the Southern Division of the Central District of California.

        No prejudice has resulted because the cases have not yet been transferred and the error has no impact on the legal conclusions reached in this case. Therefore, Plaintiff Berg's motion for reconsideration is granted as to Points 1-5.

        3.    Point 7

        Point 7 is as follows:

Point 7:    None of the Parties to this Action asked for severance of the Case; The Court's Order states Defendants Motion to Transfer is Granted; and on page two (2) states Defendants' Motion to Dismiss or, in the

> alternative, Motion to Transfer (doc. No. 10) is Denied as Moot. First, Doc. No. 10 is an Affidavit of Service, not a Motion to Dismiss or in the alternative to Transfer. It is believed the Court meant Plaintiffs' Motion to Transfer is Granted, as Plaintiffs' had a pending Motion to Transfer the Case.

See id. at 2.

In Point 7, Plaintiff Berg requests that Defendants' motion to dismiss or, in the alternative, motion to transfer (doc. nos. 24, 25) be denied as moot. However, in its 6/25/09 Order, the Court already denied Defendants' motion to dismiss or, in the alternative, motion to transfer (doc. nos. 24, 25). See Ct. 6/25/09 Order, doc. no. 77.

Currently, there are no motions pending that have not been previously denied as moot. As such, Point 7 will be denied as moot. See docket.

**III. CONCLUSION**

Plaintiff Berg's motion for leave to file a motion for reconsideration will be granted. Points 1, 2, 3, 4 and 5 of the motion for reconsideration will be granted and Points 6, 7, 8 and 9 will be denied as moot.

Plaintiff Berg's motion for leave to file a motion to strike Defendant Taitz's response will be denied as moot.

An amended Order follows.