UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
APR 19 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
       DEPUTY CLERK

LISA LIBERA, et. al.

    Plaintiffs,

v.

LINDA SUE BELCHER, et. al.,

    Defendants.

CIVIL NO.  SA-11-CA-259-OG

**ORDER**

Came on this day to be considered the status of this case, transferred to this Court by the United States District Court for the Eastern District of Pennsylvania on or about March 31, 2011.

A.    **Selected Procedural History**

Although still in its initial stages, this transferred case already has a voluminous, discordant record and it appears that at least some of the parties "have a long and complicated litigation history."[1] In brief, and as summarized by the transferor court, "Plaintiff's allege that, though at one time the parties worked together on a movement to prove that President Barack Obama is not a natural-born citizen, Defendants allegedly published personal and defamatory information in a 'quest to destroy' Plaintiffs."[2]

---

[1] Docket no. 117 at 1, n.1 ("Memorandum" of United States District Judge Eduardo C. Robreno) (noting that the instant case appears to be part of a larger dispute between the parties and citing "Berg v. Obama, 586 F.3d 234 (3d Cir. 2009); Rhodes v. MacDonald, 670 F. Supp. 2d 1363 (M.D. Ga. 2009) (imposing $20,000 sanction on counsel Orly Taitz for use of the legal process for an improper purpose), aff'd Rhodes v. MacDonald, 2010 U.S. App. LEXIS 5340 (11th Cir. Mar. 15, 2010)").

[2] Id. at 2. More specifically, plaintiffs' complaint primarily accuses defendants of "defamation, slander, and libel, arising out of defendants' alleged mass publication of Liberi's

Plaintiffs in this case identify themselves and their alleged addresses as follows: (1) Lisa Liberi of Lafayette Hill, Pennsylvania; (2) Philip J. Berg, Esquire, of Lafayette Hill, Pennsylvania; (3) The Law Offices of Philip J. Berg, of Lafayette Hill, Pennsylvania; (4) Evelyn Adams a/k/a/ "Momma E," of Wynnewood, Oklahoma; (5) Lisa M. Ostella of North Brunswick, New Jersey; and (6) Go Excel Global, of North Brunswick, New Jersey.[3] Plaintiffs filed their original complaint in the United States District Court for the Eastern District of Pennsylvania on May 4, 2009.[4] On June 23, 2010, Judge Eduardo C. Robreno, of the Eastern District of Pennsylvania, issued an "Amended Order" severing plaintiffs' case into one action against defendants residing in California, and one action against defendants residing in Texas, and transferred the actions to the Southern Division of the Central District of California, and here, respectively.[5] Two of the California defendants, Orly Taitz and defendant "Defend Our Freedoms Foundation, Inc.," filed a notice of appeal appealing this Amended Order and certain

---

name, social security number, and other identifying and purportedly false biographical information." Docket no. 128 at 4.

[3] Docket no. 1 at 4-5; see also docket no. 117 at 2 ("Jurisdiction for this action is predicated upon diversity of citizenship. 28 U.S.C. § 1332. The citizenship of all parties is as follows. For plaintiffs: Berg and Liberi are Pennsylvania citizens, Adams is an Oklahoma citizen, and Ostella and Go Global are citizens of New Jersey. For defendants: Taitz, DOFF, and Sankey are citizens of California, Sundquist and Rock Salt Publishing are citizens of New Jersey, and Belcher and the Hales are citizens of Texas.") (footnote omitted).

[4] Docket no. 1 at 36.

[5] Docket no. 124. The Amended Order corrected an earlier order, issued June 4, 2010, which contained certain errors regarding the record, but also directed that the case be severed and transferred. See docket no. 118 (June 4, 2010 Order) and docket no. 123 ("Memorandum" of the Court explaining the errors in the June 4, 2010 Order).

other orders on June 2, 2010, along with a motion to stay transfer pending appeal.[6] Judge Robreno denied the motion to stay on July 14, 2010;[7] and, after a receiving numerous additional motions and responses,[8] issued an order that "all future motions and phone calls requesting Court action by the parties shall be directed to the Third Circuit."[9]

On March 28, 2011, the Third Circuit dismissed the appeal for lack of jurisdiction, noting that orders granting motions to transfer venue under 28 U.S.C. § 1404(a) are interlocutory in nature and "not immediately appealable under Section 1291."[10] The Court added that all unresolved motions must be decided by the transferee courts because, "once the transfer order is entered, 'all further proceedings in the action merely are referred to and determined by the transferee tribunal.'"[11]

Thus, on March 31, 2011, via the June 23, 2010 order of Judge Eduardo C. Robreno,[12] plaintiffs' claims against the following defendants were transferred here: (1) Linda Sue Belcher of Castroville, Texas; (2) Edgar Hale of Wellington, Texas; (3) Caren Hale of Wellington, Texas; (4) Plains Radio Network of Wellington, Texas; (5) Bar H. Farms in Wellington, Texas; and (6)

---

[6] Docket nos. 128 and 131.

[7] Docket no. 133.

[8] Due to the voluminous and frequently frivolous nature of the filings in this case, the "selected procedural history" included in this Order references record entries pertinent to the Court's jurisdiction and disposition.

[9] Docket no. 150.

[10] Docket no. 168 at 3 (quoting "15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3855 at 319 (3d ed. 2007)").

[11] Id. at 4 (citations omitted).

[12] Docket nos. 124 and 169.

KPRN A.M. 1610, located in Wellington, Texas.[13]

**B.    Discussion: Venue**

Before this case was transferred here, Edgar and Caren Hale ("the Hales") filed a joint *pro se* "Answer and Motion to Dismiss" with accompanying "Affidavit[s] in Support of Request to Dismiss or Transfer."[14] In their respective affidavits, the Hales claimed to own Plains Radio Network ("PRN"), Bar H. Farms ("BHF"), and KPRN A.M. 1610 ("KPRN").[15] On behalf of themselves, PRN, BHF, and KPRN, the Hales indicated that venue was proper in the Western District of Texas because they reside in Wellington, Texas and all acts complained of, to the extent they occurred, occurred in the Western District.[16] Similarly, in her *pro se* "Answer and Motion to Dismiss," with accompanying "Affidavit in Support of Request to Dismiss or Transfer" Linda Sue Belcher "a/k/a Linda S. Belcher a/k/a Linda Starr a/k/a Newwomensparty a/k/a Stichenwitch a/k/a "Eva Braun a/k/a Web Sergeant a/k/a Katy a/k/a WWW.Obamacitizenshipdebate.org" ("Belcher") stated that venue was proper in the Western District of Texas because she resides in Medina County, Texas, and all acts complained of, to the

---

[13] Docket no. 1 at 6-7 (listing the names and addresses of the Texas defendants). See also docket no. 24 at 8 (affidavit of Linda Belcher); docket no. 25 at 8, 10 (affidavits of Edgar and Caren Hale, for themselves and Plains Radio Network, Bar H. Farms, and KPRN A.M. 1610). Plaintiffs original complaint also names "DOES 1 through 200" as defendants, describing them as "unknown Defendants who provide internet access, streaming, e-mail, broadcasting, etc., for Plains Radio, KPRN, Bar H. Farms and Mr. And Mrs. Hale." Docket no. 1 at 7.

[14] Docket no. 25 at 1, 8, 10.

[15] Id. at 8, 10.

[16] Id. at 4-5, 8, 10.

4

extent they occurred, occurred in the Western District.[17]

The Hales appear unaware that Wellington, Texas is in the Northern Judicial District of Texas, not the Western District. This impression is strengthened by a written comment of their former attorney,[18] who stated:

> While Plaintiffs contend that the Hale Defendants and Defendant Belcher are located in the Northern District of Pennsylvania, this argument is immaterial. The *request is that the case be transferred to the appropriate District in Texas. If neither Defendants reside in the Western District of Texas, but both reside in the Northern District, then the case should be transferred to the Northern District of Texas.*[19]

Although Belcher does appear to reside in the Western District of Texas, most of alleged acts addressed by plaintiffs in their complaint appear to have arisen out of Wellington, Texas, located in the Northern District of Texas. For example, in the section VIII, " Factual Allegation" in the complaint, relating to the Hales, PRN, BHF and KPRN, plaintiffs accuse the Hales of harming plaintiffs through various instruments, persons, and formats such as: their radio program; their radio tower; their listeners; their staff; their volunteers; their computers; various

---

[17] Docket no. 24 at 2-3, 8.

[18] Before the case was transferred, Attorney L. Theodore Hoppe, Jr, filed a "Praecipe to Enter Appearance" on June 24, 2009, seeking permission to appear on behalf of Belcher, the Hales, PRN, BHF, and KPRN. Docket no. 69. Mr. Hoppe filed a "Revised Praecipe to Enter Appearance" making it clear that he was appearing only for the "limited purpose of challenging the Court's jurisdiction and/or Venue" on June 25, 2009. Docket no. 73. On August 3, 2009, Mr. Hoppe filed motions to withdraw as counsel for defendants, based on defendants' stated inability to continue to pay for his services. Docket nos. 88 and 90. The court granted these motions to withdraw. Docket no. 99.

[19] Docket no. 70 at 13, note 2 (emphasis added). It appears plaintiffs' former attorney's comment here also contained a typographical error. The Court has not found an instance where plaintiffs claimed that "the Hale Defendants and Defendant Belcher are located in the Northern District or *Pennsylvania*." Id. (emphasis added).

internet sites, stations and blogs; their e-mail accounts; and their telephones.[20] Plaintiffs devote 13 pages to a description of the Hales' alleged acts, and incorporate by reference, other allegations from their 81 page complaint.[21] Plaintiffs also give numerous examples of statements the Hales allegedly made, either on air, on the internet, or through e-mail.[22] These actions appear to focus on the Northern District. Further, plaintiff's factual allegations against Belcher, in the main, discuss Belcher's alleged e-mails or internet postings as a volunteer activist; and, it appears that, primarily, her alleged postings were published or circulated on websites created by others and there is no basis to conclude those publications occurred in the Western District or that those websites were or are hosted in the Western District.[23] Regardless of whether these alleged e-mails or internet postings are actionable, it does not appear that the majority of alleged illegal acts at issue here originated within the Western District of Texas. In fact, plaintiffs mostly complain of actions Belcher allegedly took in connection with her volunteer website work for Pennsylvania plaintiff Philip J. Berg, and her assistance to the Hales and other defendants.[24]

Prior to transferring the case here, Judge Robreno noted that the requirements for federal diversity jurisdiction had been met,[25] and that plaintiffs did not oppose transfer out of

---

[20] Docket no. 1 at 45-58.

[21] Id.

[22] See, e.g., id. at 51.

[23] Id. at 35-45; see also docket no. 106 at 4, 11-20.

[24] Docket no. 1 at 35-45. For example, plaintiffs accuse Belcher of harming them by making certain statements while appearing on the Hales' radio show. Docket no. 106 at 16-17.

[25] Docket no. 117 at 2; docket no. 123 at 3, note 1.

6

Pennsylvania and/or demonstrate that transfer was improper.[26] It appears, then, that Judge Robreno transferred this case to the Western District based, in part, on: (1) the Hales' mistaken conclusion they resided at a location within the Western District of Texas; (2) Belcher and the Hales' joint request for transfer to the Western District of Texas; and (3) plaintiffs' failure to demonstrate that transfer to the Western District of Texas was improper. Had the misunderstanding about the true location of the Hales, PRN, BHF, and KPRN been timely corrected, it appears the action would have been transferred to the Northern District of Texas because it is clear that this is where the majority of the alleged "Texas" acts occurred.

C.   **Conclusion**

For the reasons discussed, because not all of the defendants in this Court do reside in the Western District of Texas, as mistakenly believed prior to the time of transfer, and because most of the actions relating to the claims transferred to this Court are focused on alleged activities occurring in the Northern District of Texas,

**IT IS ORDERED** that all claims transferred to this Court are **TRANSFERRED** to the United States District Court for the Northern District of Texas.

**IT IS ALSO ORDERED** that the only motion the docket sheets shows as pending is plaintiffs' motion for leave to file Appendices 1 through II [27](a motion that appears to relate to proceedings that once were pending before the United States Court of Appeals for the Third Circuit) is **DENIED** without prejudice and as moot.

---

[26] Docket no. 123 at 3, 6; see also docket no. 120 at 2 ("It is believed the Court meant Plaintiffs' Motion to Transfer is Granted, as Plaintiffs' had a pending Motion to Transfer the Case;").

[27] Docket no. 170.

**IT IS FURTHER ORDERED** that this case is **CLOSED**.

**ORDERED, SIGNED** and **ENTERED** this ___18___ day of April, 2011.

_____
**ORLANDO L. GARCIA**
**UNITED STATES DISTRICT JUDGE**